**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1. CARLOS JOEL GRAJEDA JIMENEZ, Individually and on Behalf of Others Similarly Situated, <br><br>  Plaintiff, <br><br> v. <br><br> 1. CONSTRUCTION ENTERPRISES INC. a domestic for profit business corporation <br> 2. GOLDEN NUGGET LLC, a domestic limited liability company <br> 3. THOMAS VIUF, an individual <br> 4. ZACH VIUF, an individual | Case No. 20-CV-233-CVE-FHM <br><br> Jury Trial Demanded <br> Attorney Lien Claimed <br> for the Firm |

## COMPLAINT

**COMES NOW,** the Plaintiff, Carlos Joel Grajeda Jimenez ("Plaintiff"), by and through his attorneys of record, Charles C. Vaught and Jessica N. Vaught of *Armstrong & Vaught, P.L.C.*, and hereby brings a wage claim pursuant to Section 16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. (the "FLSA" or "the Act"), against Construction Enterprises, Inc., Golden Nugget LLC, Thomas Viuf and Zach Viuf ("Defendants").

### JURISDICTION, VENUE, AND PARTIES

1. Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff and all others similarly situated overtime compensation for hours that Plaintiff and the others worked in excess of forty (40) per workweek.

1

2. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described *infra*.

3. The United States District Court for the Northern District of Oklahoma has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Defendant Construction Enterprises, Inc. is a domestic corporation that conducts business within the State of Oklahoma, operating construction services in Tulsa, Oklahoma.

5. Defendant Golden Nugget LLC is a domestic limited liability company that conducts business within the State of Oklahoma, operating construction services in Tulsa, Oklahoma.

6. Defendants Thomas and Zach Viuf are individuals who both reside and conduct business in the State of Oklahoma, operating construction services in Tulsa, Oklahoma.

7. Defendant Construction Enterprises, Inc. and Defendant Golden Nugget LLC are entities in the same line of business, managed and controlled by the same principals, Defendants Thomas and Zach Viuf, and are in fact "instrumentalities" of Defendant Thomas Viuf and Defendant Zach Viuf. Defendants Thomas and Zach Viuf have intermingled the assets, properties and income of these two corporations such that there is no clear line of separation for each business entity. The Defendants appear to operate their Human Resources and payroll in a centralized and common manner.

8. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Oklahoma has personal jurisdiction over Defendants, and Defendants therefore "reside" in Oklahoma.

9. Plaintiff was employed by Defendants in Tulsa, Oklahoma. Therefore, the acts alleged in this Complaint had their principal effect within the Northern District of Oklahoma, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

10. Plaintiff Carlos Joel Grajeda Jimenez is a resident and citizen of Tulsa, Oklahoma.

11. At all times relevant to the allegations in this Complaint, Plaintiff was an hourly employee at the Defendants' location in Tulsa, Oklahoma.

12. At all times material herein, Plaintiff and those similarly situated to Plaintiff have been entitled to the rights, protections, and benefits provided under the FLSA.

13. At all times material herein, Plaintiff and those similarly situated were not paid one and one-half times their regular rate of pay for all hours that they worked in excess of forty (40) per week in violation of the FLSA.

14. During each of the three years preceding the filing of this Complaint, Defendants employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as construction and remodel of buildings and properties.

15. Upon reasonable information and belief, Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

16. Plaintiff was, at all times relevant hereto, an employee as defined by the FLSA in that he was employed by an employer.

17. Defendants Construction Enterprises, Inc and Golden Nugget LLC, were, at all times relevant hereto, employers as defined by the FLSA.

18. As individuals who possessed and exercised duties which included controlling conditions of employment, firing employees and making payment decisions, Defendants Thomas and Zach Viuf can be held personally liable as employers as defined by the FLSA.

## OPERATIVE FACTS

19. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

20. Plaintiff was hired as a construction worker by Defendants on or around January 7, 2019.

21. At the beginning of his employment, Defendants told Plaintiff and the other Hispanic crew members that they would not be paid overtime and would be paid in cash. Additionally, Mr. Victor, Supervisor, who hired the crew members informed them to be careful because the company did not have worker's compensation insurance.

22. The construction crew worked from January until March 2019. For eight weeks, Plaintiff and the other crew members worked eight-hour days for six days per week, for a total of 48 hours per week. During this time, Defendants paid their construction workers straight time for all hours worked.

23. There were often disputes about hours worked between the crew members and Defendant. Mr. Victor would write their hours down on a paper ledger, and the employees had to sign off on their hours at the end of the day. If there was ever a discrepancy or argument about hours, Mr. Victor ignored the employee's claims and recorded whatever hours he believed were correct.

24. As construction workers, Plaintiff and his fellow crew members worked at various locations and built extensive remodels for the properties of Thomas Viuf, Owner of Golden Nugget LLC and Construction Enterprises, Inc. and his son Zach Viuf, Project Manager.

25. On or about March 4, 2019, Mr. Zach Viuf terminated Plaintiff.

## REPRESENTATIVE ACTION ALLEGATIONS

26. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated into this section.

27. At all relevant times, Plaintiff and all others similarly situated have been entitled to the rights, protections and benefits provided by the FLSA.

28. Plaintiff brings his claims for violation of the FLSA as a collective action pursuant to Sections 207 and 16(b) of the FLSA, 29 U.S.C §§ 207 and 216(b), on behalf of all persons who were, are or will be employed as similarly situated within the statute of limitations period, who are entitled to payment of the following types of damages:

    A.   Minimum wages for the first forty (40) hours worked each week;

    B.   Overtime premiums for all hours worked for Defendants in excess of forty (40) hours in any week; and

    C.   Liquidated damages and attorney's fees.

29. In conformity with the requirements of FLSA Section 16(b), Plaintiff will file a written Consent to Join this lawsuit.

30. The relevant time period dates back three years from the date on which this lawsuit was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

31. The members of the proposed class of current and former employees and those similarly situated share these traits:

    A. They were hourly employees who worked as construction workers;

    B. They were subject to the same policy of straight time for all work performed; and

    C. They did not receive overtime premiums for all hours worked.

32. Plaintiff is unable to state the exact number of the potential members of the FLSA class but believes that it exceeds ten.

33. Defendants can readily identify the members of the Section 16(b) class, which encompasses all construction workers employed in Oklahoma.

34. The names, cell numbers and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via text and first class mail (or email) to their last known addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### FIRST CAUSE OF ACTION
**(Collective Action Claim for Violation of the FLSA)**

35. Plaintiff repeats and re-alleges all previous paragraphs of his Complaint as though fully incorporated in this section.

36. Plaintiff, individually and on behalf of others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

37. At all relevant times, Plaintiff and all similarly-situated employees have been entitled to the rights, protection, and benefits provided by the FLSA.

38. At all relevant times, Plaintiff and all similarly-situated employees have been "employees" of Defendant, as defined by 29 U.S.C. § 203(e).

39. At all relevant times, Defendants have been, and continue to be, employers of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

40. At all relevant times, Defendants willfully failed and refused to compensate Plaintiff and other similarly-situated employees for all hours worked at the overtime premium under the FLSA because Defendants intentionally mis-classified Plaintiff and other similarly-situated employees as exempt under the FLSA.

41. Despite the entitlement of Plaintiff and those similarly situated to overtime premiums under the FLSA, Defendants failed to pay Plaintiff and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period because Defendants intentionally mis-classified Plaintiff and those similarly situated as exempt from overtime pay.

42. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the proposed collective is properly defined as follows:

    **All construction workers employed in Oklahoma within the past three years.**

43. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## SECOND CAUSE OF ACTION
**(Individual Claim for Violation of the FLSA)**

44. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

45. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

46. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA, 29 U.S.C. § 203.

47. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

48. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

49. Defendants intentionally misclassified Plaintiff as exempt from the overtime requirements of the FLSA, when in fact Plaintiff was a non-exempt employee entitled to overtime pay.

50. Despite the entitlement of Plaintiff to overtime premiums under the FLSA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each one-week period.

51. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## **PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiff Carlos Joel Grajeda Jimenez, individually and on behalf of all others similarly situated, respectfully prays as follows:

A. That Defendants be summoned to appear and answer this Complaint;

B. For orders regarding certification of and notice to the proposed class members;

C. For an order of this Honorable Court entering judgment in favor of Plaintiff and the proposed class members against Defendants for their actual economic damages in an amount to be determined at trial;

D. For liquidated damages as provided for under the FLSA;

E. For attorneys' fees, costs, and pre-judgment interest; and

F. For such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

**ARMSTRONG & VAUGHT, P.L.C.**

By: *s/ Charles C. Vaught*
**Charles C. Vaught, OBA #19962**
**Jessica N. Vaught, OBA #33114**
2727 East 21st Street, Suite 505
Tulsa, OK 74114
(918) 582-2500 – *Telephone*
(918) 583-1755 – *Facsimile*
cvaught@a-vlaw.com
jvaught@a-vlaw.com
*Attorneys for Plaintiff*